IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                      1:15-CR-102-DMB-DAS

YONGDI ZHANG
_____

MOTION TO SUPPRESS AND DISMISS
_____

**COMES NOW** the Defendant, Yongdi Zhang and moves to suppress all evidence obtained pursuant to a search of a Silver Chevrolet Tahoe on June 4, 2015 in New Albany, Mississippi, and any evidence or statements obtained thereafter, and would respectfully show unto this Honorable Court the following:

1.

On June 4, 2015, Mississippi Highway Safety Patrol Officer Mark Pitner was notified that an individual had run out of a Lowe's Home Improvement Store in New Albany, Mississippi. The Trooper followed the individual who got into a Sliver Chevy Tahoe with tag number VFC 2126. The Trooper stopped the Silver Chevrolet Tahoe on Park Plaza Street in New Albany, Mississippi and requested that the New Albany Police Department come to the scene to investigate. Upon arriving on the scene the New Albany police officers removed the driver of the vehicle, Yongdi Zhang, from the Tahoe. The officers requested consent to search the vehicle. But Zhang speaks Mandarin Chinese as his native language and speaks no English at all. The officers then asked another Chinese passenger in the car, Xiaoran Liu, to translate. The passenger was also a native mandarin speaker, but claimed that she could translate. In response to the request to search, allegedly translated through the third party passenger, the officer stated that Zahng "nodded his head and extended his hand, palm up, in an affirmative gesture." Thereafter the

officers seized Amazon and Macy's gift cards, debit and credit cards and purchase receipts from the car. This evidence is being used by the Government to prosecute Zhang for credit card fraud. Upon arriving at the police station after arresting the suspects based upon the results of the vehicle search, the officers again attempted to use Liu to translate while interrogating the suspects. However, after beginning interviews of the suspects, the officers admitted "it was apparent to investigators that the translations were most probably not accurate" and they ceased the interrogations. Because her translations were not accurate at the police station, and because none of the officers could verify what she was telling the suspects during the translation, the consent to search the vehicle was also invalid.

2.

The prosecution bears the burden of establishing voluntary consent and this "burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968). A defendant's mere submission to a claim of lawful authority is not a showing of consent. Kaupp v. Texas, 538 U.S. 626, 631 (2003). When the defendant's consent is given as the result of an illegal arrest, the "consent" may be characterized more properly as the result of undue coercion. Bumper, 391 U.S. at 548. The trial court must determine if the defendant's alleged consent was voluntarily given. Schneckloth v. Bustamonte, 412 U.S. 218, 229 (1973). In doing so, the court should "examin[e] all of the surrounding circumstances to determine if in fact the consent to search was coerced, account must be taken of subtly coercive police questions, as well as the possibly vulnerable subjective state of the person who consents." Id.

3.

The Fifth Circuit uses a six-part analysis of the following factors: (1) the defendant's custodial status; (2) the presence of coercive policy procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's intelligence (or education); and (6) the defendant's belief that no incriminating evidence will be found. United States v. Gonzalez, 79 F.3d 413, 421 (5th Cir. 1996). A language barrier inhibits a suspect's ability to act knowingly and intelligently – two necessary components of a valid consent. U.S. v. Lopez, 817 F.Supp.2d 918, 929 (5th Cir. 2011) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 248, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). A defendant must have the requisite command of the English language to voluntarily give consent. U.S. v. Barry, 979 F.Supp.2d 715, 720 (5th Cir. 2013) (citing U.S. v. Isiofia, 370 F.3d 226, 229, 233 (2d Cir. 2004).

4.

The Fourth Amendment has been made applicable to the activities of state law enforcement officials by virtue of the Fourteenth Amendment to the United States Constitution. Mapp v. Ohio, 367 U.S. 643 (1961). Any search of the Chevy Tahoe was illegal because the language barrier made it impossible for Zhang to give consent.

5.

Defendant requests that all physical evidence and statements given after the search of the Chevy Tahoe be suppressed because the Defendant could not give voluntary, unequivocal, specific or intelligent consent because he does not understand the English language and could not comprehend legal concepts presented to him by law enforcement in English. Further, there is no way to verify that what Liu told Zhang was accurate, or that she understood the legal concepts

presented by the officers. The search and seizure of the Chevy Tahoe violated constitutional standards, and any evidence seized and statements made must be suppressed under the doctrine of "the fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407 (1963).

6.

The Defendant requests an evidentiary hearing on this motion. Supporting authority will be provided after said hearing.

**RESPECTFULLY SUBMITTED**, this the 17th day of August, 2016.

                              **YONGDI ZHANG, Defendant**

                              **BY:** /s/Justin s. Cluck
                                      **JUSTIN S. CLUCK, MSB #100733**

**SMITH WHALEY, P.L.L.C.**
**ATTORNEYS AT LAW**
**POST OFFICE DRAWER 849**
**HOLLY SPRINGS, MISSISSIPPI 38635**
**(662) 252-3003 TELEPHONE**
**jcluck@smithwhaley.org - email**

### CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing has been sent to all ECF participants of record.

**THIS**, the 17th day of August, 2016.

                              /s/Justin S. Cluck
                              **JUSTIN S. CLUCK**